E-FILED
Tuesday, 19 April, 2022  03:30:29 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RHYIAN SZPILA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-2035 |
| | ) | |
| JEROME COMBS DETENTION CENTER | ) | |
| and SERGEANT LOVE, | ) | |
| Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint.  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at the Jerome Combs Detention Center in February of 2022.  The Plaintiff has identified two Defendants: Sergeant Love and the jail.  Plaintiff cannot sue the Jerome Combs Detention Center because it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018); *Laughman v. Baker*, 2020 WL 5653397, at *1 (S.D.Ind. Sept. 23, 2020). Therefore, the Court will dismiss this Defendant.

1

Plaintiff says on February 1 or 2 of 2022, Defendant Love spoke to Inmate A.F. about a kitchen job. During the conversation, the Defendant mentioned Plaintiff had filed lawsuits against the jail. Plaintiff says Defendant Love was unprofessional and he believes the officer has discriminated against him due to his mental health issues.

Plaintiff has not clearly articulated a constitutional violation. Plaintiff says the conversation violated his privacy rights. However, prisoners have a limited right to privacy and Plaintiff has not clearly articulated a claim based on his allegation. *See i.e. Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *Franklin v. McCaughtry*, 110 F. App'x 715, 719 (7th Cir. 2004). Plaintiff has also failed to provide any factual support for his vague allegation of discrimination. Plaintiff must provide enough detail to put the Defendant on notice of the specific claim alleged. *See* Fed.R.Civ.P. 8(a)

Plaintiff next alleges he heard rumors Defendant Love told another inmate Plaintiff had filed a grievance. While not entirely clear, Plaintiff appears to be alleging his grievance complained about this inmate and therefore the discussion put his life in danger. Plaintiff does not state the content of his grievance or if he mentioned the other inmate by name. In addition, Plaintiff does not allege the other inmate threatened him in any way. Plaintiff is advised the Seventh Circuit has held "an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment." *Saunders v. Tourville*, 97 F. App'x 648, 649 (7th Cir. 2004); *see also Boyd v. Patton*, 2021 WL 1144742, at *3 (S.D.Ind. March 23, 2021). Plaintiff's allegation "has fallen short of alleging the type of 'extreme and officially sanctioned psychological harm' that would

state a plausible Eighth Amendment claim against him." *Boyd,* 2021 WL 1144742, at *3, *quoting Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997).

Because Plaintiff is proceeding *pro se,* the Court will allow him one opportunity to file an amended complaint if he believes he can articulate a constitutional violation. The amended complaint must stand complete on its own and must not refer to any previous complaint.

Plaintiff is also reminded he must complete the grievance process at his facility before he files a complaint in Federal Court. *See* 42 U.S.C. §1997e(a). While Plaintiff has indicated he has exhausted his administrative remedies, it is somewhat doubtful he could have completed this process at the jail before filing his complaint on February 10, 2022.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.  The Clerk is directed to dismiss Defendant Jerome Combs Detention Center.

2) The Court will allow Plaintiff one opportunity to file an amended complaint clarifying any intended claims.  The amended complaint must be filed on or before May 11, 2022.  If Plaintiff does not file an amended complaint by the deadline or does not follow the Court's directions, his case will be dismissed.

3) The Clerk is directed to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

Entered this 19th day of  April, 2022.


s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE